# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:16-CV-7-GNS-CHL

**JEMICAH STEPHENS,**                                              **Plaintiff,**

**v.**

**PREMIERE CREDIT OF NORTH AMERICA, LLC,**            **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Amend the Complaint (DN 30) filed by plaintiff Jemicah Stephens. Defendant Premiere Credit of North America, LLC filed a response (DN 32), and plaintiff filed a reply (DN 38). Therefore, the Motion to Amend the Complaint is ripe for review.

## I. BACKGROUND

Plaintiff's complaint was filed in Jefferson Circuit Court on December 10, 2015. (DN 1-2.) Plaintiff's complaint contains five counts: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.*, specifically Sections 1692e(2), (8), (10), and (16), Section 1692g(a), and Section 1692f(1); (2) intentional or negligent infliction of emotional distress; (3) invasion of privacy; (4) defamation; and (5) money had and received. (DN 1-2.) The action was removed to this Court on January 4, 2016.

A scheduling order was entered in this action on March 15, 2016. (DN 12.) The pleading amendment deadline for plaintiff set forth in that initial scheduling order was June 6, 2016. (*Id.* at 2.)

1

On October 3, 2016, plaintiff filed a Motion to Modify the Scheduling Order (DN 14). In the Motion to Modify Scheduling Order, plaintiff requested an extension of his pleading amendment deadline from June 6, 2016 to October 24, 2016; in this motion, plaintiff stated that he anticipated "seeking to amend his complaint to add factual details and new or revised legal theories based on information uncovered during the discovery period." (*Id*. at 2.)

On October 26, 2016, the undersigned held a telephonic status conference in this matter. An order arising out of that telephonic conference denied the Motion to Modify the Scheduling Order as moot and extended various pretrial deadlines in this matter; however, the order did not extend the pleading amendment deadline. (DN 19.) The order set the discovery deadline as February 10, 2017. (*Id*.) The discovery deadline has been extended several times and is currently April 30, 2017. (DN 29.) The dispositive motion deadline has been stayed. (DN 42.)

On March 29, 2017, plaintiff filed the Motion to Amend the Complaint.

## II. DISCUSSION

### A. Parties' Arguments

Plaintiff seeks to amend his complaint in order to (1) add factual detail; (2) add a new violation of the FDCPA, specifically Section 1692g(b); and (3) remove Count V. Plaintiff argues that defendant will not suffer undue prejudice as a result of these amendments because no trial has been set, discovery has not been completed, no dispositive motions have been filed, and the amendment is not futile. Plaintiff asserts that the proposed amendment simply clarifies facts and legal theories.

Defendant opposes the Motion to Amend the Complaint for several reasons. First, defendant argues that plaintiff must show "good cause" for amending the complaint because the

2

pleading amendment deadline in the scheduling order has passed. Defendant states that plaintiff has not demonstrated good cause and that permitting plaintiff to amend his complaint would be prejudicial to it at this stage of the litigation.

Second, defendant argues that the proposed amendment is based on information that plaintiff had when he filed the complaint. Defendant further argues that none of the factual allegations added to the proposed amended complaint were referenced in plaintiff's answers to contention interrogatories.

Third, defendant asserts that discovery has been substantially completed and it would be prejudiced if the Motion to Amend the Complaint were granted. As an example, defendant states that the proposed amended complaint adds multiple references to Morgan State, and the Motion to Amend the Complaint was filed the day before the depositions of Morgan State representatives took place in Baltimore, Maryland. Defendant also asserts that the Motion to Amend the Complaint was filed approximately one month before the discovery deadline; the depositions of plaintiff, plaintiff's mother, and four Morgan State University witnesses have been taken; and defendant has completed a draft of its summary judgment arguments based on the original complaint.

Finally, defendant argues that the proposed amended complaint is futile to the extent that plaintiff attempts to add certain allegations barred by the one-year statute of limitations set by the FDCPA.

In his reply, plaintiff states that there is no good cause requirement, but that even so, he has good cause. Plaintiff argues that correcting perceived deficiencies in a complaint is a legitimate reason for an amendment. Plaintiff also argues that the delay in filing the Motion to

Amend the Complaint was justified because the potential deficiencies first became an issue in February 2017 when defendant sought to limit Rule 30(b)(6) deposition topics. Plaintiff further avers that defendant would not suffer undue prejudice because the amendments do not introduce any new facts or claims and defendant examined plaintiff at length about facts and claims in the proposed amended complaint, including the December 8, 2015 letter referenced therein. Plaintiff also asserts that the proposed amended complaint is not futile and concedes that his FDCPA claims are not based on any collection activity before December 9, 2014.

**B. Analysis**

At first blush, Rule 15 of the Federal Rules of Civil Procedure appears to govern the Court's consideration of this issue. The period in which plaintiff could have amended the operative complaint as a matter of course has elapsed. *See* Fed. R. Civ. P. 15(a)(1)(A), (B). Therefore, this case is within the province of Rule 15(a)(2), which provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

However, pursuant to the existing scheduling order, plaintiff was required to file a motion to amend the pleadings *no later than June 6, 2016*. Rule 16(b) states that a scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Therefore, when a motion to amend the complaint is filed after the deadline set forth in the scheduling order, a party must demonstrate good cause under Rule 16(b). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."). In addition to Rule 16's express

"good cause" requirement, the Sixth Circuit has held that "a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Id.*

As an initial matter, the Court notes that neither party discusses with much particularity the proposed amendments to the complaint, leaving it to the Court to identify the changes. Plaintiff does not identify by paragraph number the proposed amendments; defendant does not identify the particular paragraphs with which it takes issue.

With respect to the addition of factual detail to the complaint, although neither party specifically identifies by paragraph the proposed amendments, upon review, it appears that plaintiff is simply adding factual background to give his claims context. (*See* 30-2 [proposed amended complaint, paragraphs 10-17].) However, as defendant points out, these factual allegations appear to be matters of which plaintiff had knowledge when he filed the complaint. Plaintiff does not respond directly to this argument; he only states that these potential deficiencies became an issue when defendant sought to limit the Rule 30(b)(6) deposition topics to the wording of the complaint. Nonetheless, the Court finds good cause for failure to seek leave to amend earlier in this instance, as the addition of these allegations appear to clarify and give context to the rest of plaintiff's allegations and will hopefully prevent any discovery dispute down the road.

The Court acknowledges, as pointed out by defendant, that plaintiff's proposed amended complaint adds references to Morgan State in paragraphs 12 through 15. (*Id.*) According to defendant, Morgan State representatives have already been deposed. However, the references to Morgan State appear to be in the context of background factual allegations; they do not accuse

Morgan State of any wrongdoing. And defendant does not specifically demonstrate how the additional factual allegations in the proposed amended complaint would cause it to have to re-depose the Morgan State representatives. Furthermore, the Court will bear in mind plaintiff seeking these amendments in the event defendant requests to conduct additional limited discovery. Consequently, the Court finds that defendant will not be unduly prejudiced by the addition of these factual allegations.

With respect to the addition of a new legal theory under the FDCPA, in particular the addition of a violation of Section 1692g(b), plaintiff argues that this amendment conforms the complaint to the evidence uncovered through discovery. On the other hand, defendant asserts that, if the Motion to Amend the Complaint is granted, it "may" need to re-depose multiple individuals; defendant also asserts that the Motion to Amend the Complaint was filed shortly before the discovery deadline, hampering its ability to serve supplemental written discovery. However, given that there is no trial date and the summary judgment deadline is stayed, the Court finds that defendant will not suffer undue prejudice if plaintiff is allowed to add another violation of the FDCPA to Count I, a violation that appears to be closely related to the other alleged violations. Moreover, as alluded to, additional, limited discovery may ameliorate any potential prejudice to defendant. Additionally, plaintiff asserts that he has been examined at length about the facts and claims in the proposed amended complaint, including the December 8, 2015 letter referenced therein. Thus, on balance, the Court finds that there is good cause with minimal prejudice to defendant, and therefore plaintiff should be permitted to amend his complaint to include this additional violation of the FDCPA.

With respect to the deletion of Count V of the proposed amended complaint, it appears that defendant has no opposition.

Finally, although both parties briefly address futility, neither party makes any substantive legal argument. Defendant asserts that the proposed amended complaint contains allegations regarding a December 8, 2014 letter and conversations and conduct which occurred in August 2014 or earlier, conduct that occurred outside of the one-year statute of limitations period. Plaintiff concedes that his FDCPA claims are not based on any collection activity before December 9, 2014. Consequently, it appears that any futility argument is moot. Even if not moot, neither party addresses the issue sufficiently to justify any action by the Court in this regard.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that the Motion to Amend the Complaint (DN 30) is GRANTED.

IT IS FURTHER ORDERED that the Clerk SHALL file the amended complaint (DN 30-2).

cc: Counsel of record