IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JEMICAH STEPHENS, | }<br>} |
| Plaintiff, | } CASE NO. 3:16-cv-00007-GNS-CHL |
| v. | } |
| PREMIERE CREDIT OF NORTH AMERICA, LLC | } |
| Defendant. | } |

## FIRST AMENDED COMPLAINT

The Plaintiff, Jemicah Stephens, by counsel, for his First Amended Complaint against Defendant, Premier Credit of North America, LLC, states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, known as the "Fair Debt Collection Practices Act" (hereafter the "***FDCPA***"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.

### JURISDICTION AND VENUE

2. Plaintiff Jemicah Stephens is a resident of Louisville, Jefferson County, Kentucky.

3. Plaintiff is a "*consumer*" as that term is defined in the FDCPA with respect to the matters referred to herein.

4. At pertinent times herein, Plaintiff was a first-year law student enrolled at the University of Louisville Brandeis School of Law.

5. Defendant Premiere Credit of North America, LLC is an Indiana limited liability company with principal offices at 2002 Wellesley Blvd., in Indianapolis, Indiana 46219.

6. At all pertinent times herein, in this judicial district, Defendant regularly used the mails to collect consumer debts owed or asserted to be owed or due another, and/or otherwise engaged in a business the primary purpose of which was the collection of consumer debt owed or due or asserted to be owed or due another.

7. Defendant is a "*debt collector*" as said term is defined in the FDCPA and with respect to the matters cited herein.

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

9. Venue is proper in this Court because the Defendant transacts business in this judicial district, Plaintiff is a resident of this judicial district, and the conduct complained of occurred here.

## FACTS

10. In or around August 2014, Plaintiff enrolled as a first-year law student at the University of Louisville Brandeis School of Law in Louisville, Kentucky.

11. To finance the cost of attendance, Plaintiff applied for federal financial aid, including student loans.

12.     In or around August 2014, Plaintiff had difficulty qualifying for federal financial aid because of an allegedly defaulted student loan serviced by Defendant which loan was purportedly made while Plaintiff was a student at Morgan State University (the "***Morgan State loan***.").

13.     Plaintiff did not take out a loan while at Morgan State University and any such loan was obtained by fraud.

14.     In or around August 2014, and thereafter, on information, Defendant reported false, defamatory, or derogatory information about Plaintiff to third parties regarding the Morgan State loan.

15.     In or around August 2014, and thereafter, Plaintiff's mother, Mary Stephens-Frazier, contacted Defendant by phone to obtain information regarding the Morgan State loan, disputed the Morgan State loan, and sought to resolve the issue.

16.     On or about August 21, 2014, Mary Stephens-Frazier spoke with a representative of Defendant on the phone. During the conversation, the Defendant's representative advised that the loan would be "rehabilitated" and the default status removed if six payments of $42 were made on the loan. In reliance thereon, Ms. Stephen-Frazier authorized and made six monthly payments of $42 on the loan, with the last payment made on or around January 6, 2015. However, after the payments were made, the loan was still in default status, which disqualified Plaintiff from receiving federal financial aid.

17.     On or about December 8, 2014, Defendant sent Plaintiff a letter via the mails seeking to collect the subject loan on behalf of the Unites States Department of Education. In the

letter, Defendant advised that the account balance was $7,379.89, including principal of $5,005.27, interest of $928.06, and penalties of $1,446.54.

18. On or about December 10, 2014, Defendant sent a letter to Plaintiff via the mails wherein Defendant sought to collect the amount of $7,380.33, including principal of $5,005.27, interest of $930.40, and penalty charges of $1,444.66.

19. Within 30 days of receiving the December 8, 2014 letter, Plaintiff disputed the validity of a portion of the debt.

20. Notwithstanding that the debt or a portion thereof was disputed, Defendant continued to send dunning letters to Plaintiff seeking to collect the subject debt.

21. In connection with the collection of the debt, Defendant misrepresented the character, amount, or legal status of the debt.

22. In connection with the collection of the debt, Defendant sought to collect and falsely represented that it was entitled to collect a principal, interest, fees and costs, and penalty charges from Plaintiff, when Plaintiff did not owe said debts and said debts were neither authorized by the agreement creating the debt nor permitted by law.

23. In its communications with the Plaintiff, Defendant used the name "Premiere Credit of North America, LLC," falsely implying that it operated a consumer reporting agency and/or that it would report credit information about the debt to one or more consumer reporting agencies.

24. In its communications with the Plaintiff, Defendant falsely represented that in addition to principal, interest, and administrative fees, Plaintiff was responsible for charges that

"ED" incurred for fees earned by Premiere Credit for recoveries on the debt, up to 24.34% of the principal and interest repaid.

25. On or around December 10, 2014, and thereafter, on information, Defendant obtained private information about Plaintiff from one or more consumer reporting agencies.

26. As a result of the defamatory statements published by Defendant, Plaintiff was unable to procure to financing to continue his legal education at the University of Louisville Brandeis School of Law and had to withdraw from his legal studies.

27. Defendant acted toward Plaintiff with fraud, oppression, and/or malice.

28. As a result of the Defendant's conduct, as herein alleged, Plaintiff has been damaged, entitling him to pursue a private cause of action against Defendant for actual and statutory damages, plus attorney's fees and costs.

## COUNT I
## VIOLATION OF THE FDCPA

29. Defendant's representations to Plaintiff were materially false, deceptive, and/or misleading, in violation of 15 U.S.C. § 1692e, including Sections §§ 1692e(2), (8), (10), and (16).

30. Within five (5) days of its initial communication with Plaintiff, Defendant failed to provide Plaintiff a written notice of the debt, in violation of 15 U.S.C. § 1692g(a).

31. After receiving notice of the Plaintiff's dispute of the debt, Defendant continued to collect the debt, in violation of 15 U.S.C. § 1692g(b).

32. Defendant used unfair or unconscionable means to collect or attempt to collect the subject debt, by, *inter alia,* seeking to collect amounts that were not authorized by agreement or permitted by law. 15 U.S.C. § 1692f(1).

33. Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, pain and suffering, inconvenience, turmoil, disgrace, embarrassment, anxiety, humiliation, physical and mental upset, stress, embarrassment, loss of commercial viability, loss of credit opportunities, invasion of privacy, pecuniary loss, and damage to credit rating, credit score, reputation, and perceived credit worthiness.

34. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

35. Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## COUNT II
## INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36. Defendant's conduct as herein alleged was intentional, reckless, or negligent.

37. Defendant's conduct was so outrageous and intolerable so as to offend generally accepted standards of morality and decency.

38. Defendant's conduct as herein alleged was a cause of Plaintiff's emotional distress.

39. Plaintiff's emotional distress was severe.

40. At law, Plaintiff is entitled to an award of compensatory damages against the Defendant.

41. Pursuant to KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendant.

## COUNT III
## INVASION OF PRIVACY

42. On or about August, 2014, and thereafter, Defendant unreasonably intruded upon the privacy and seclusion of Plaintiff.

43. As a result of said intrusion, Plaintiff was damaged.

44. At law, Plaintiff is entitled to an award of compensatory damages against the Defendant.

45. Pursuant to KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendant.

## COUNT IV
## DEFAMATION

46. Between on or around August, 2014 and the present, on information, Defendant published false, defamatory, and derogatory information about the Plaintiff, namely, that he defaulted on a federal student loan, to third parties, including the United States Department of Education, the University of Louisville, consumer reporting agencies, and others, which caused injury to the reputation of the Plaintiff.

47. As a result of the defamatory statements published by Defendant, Plaintiff was unable to procure to financing to continue his legal education at the University of Louisville School of Law.

48. At law, Plaintiff is entitled to an award of compensatory damages against the Defendant.

49. Pursuant to KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jemicah Stephens, by counsel, demands a trial by jury and relief against the Defendant, Premiere Credit of North America, LLC, as follows:

A. Entry of a Judgment against Defendant to compensate Plaintiff for his actual damages sustained as set forth in above Counts.

B. Entry of a Judgment under the about Counts for any and all maximum statutory damages provided under applicable federal or state statute.

C. Entry of a Judgment against Defendant for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

D. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law.

E. Entry of an order temporarily and permanently enjoining Defendant from future, similar violations of the FDCPA and directing it to discharge, quit, satisfy and/or pay the subject debt and cause any adverse credit information referencing the debt to be deleted and removed from any consumer report concerning Plaintiff.

F. An award of attorney's fees and costs herein incurred.

   G. Any and all other relief to which he may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

            Respectfully submitted,

            TAYLOR COUCH PLLC

            */s/ Zachary L. Taylor*
            ZACHARY L. TAYLOR
            2815 Taylorsville Road, Suite 101
            Louisville, Kentucky 40205
            Phone | Fax: (502) 625-5000
            ztaylor@taylorcouchlaw.com

            *Counsel for Jemicah Stephens*