UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00007-GNS-CHL

JEMICAH STEPHENS                                                                         PLAINTIFF

v.

PREMIERE CREDIT OF NORTH AMERICA, LLC                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Partial Judgment on the Pleadings (DN 47). For the reasons set forth below, Defendant's motion is **GRANTED**.

### I.     BACKGROUND

The events precipitating this litigation are as follows: In August 2014, Plaintiff Jemicah Stephens ("Plaintiff") enrolled in law school and sought federal loans to finance his education. (Am. Compl. ¶¶ 10-11, DN 44). In doing so, Plaintiff discovered that the Department of Education ("DOE") had reported a federal loan that was disbursed to him to fund his undergraduate studies—but that he contends he neither applied for nor received—as being in default. (Am. Compl. ¶¶ 12-13). Around the same time, Plaintiff also learned that the DOE had enlisted Defendant Premiere Credit of North America, LLC ("Defendant") to collect the debt associated with his undergraduate loan, and Plaintiff's mother contacted one of Defendant's representatives to "resolve the issue." (Am. Compl. ¶¶ 12, 15). The representative told her that Plaintiff's defaulted loan would be "rehabilitated" if she made certain payments toward it. (Am. Compl. ¶ 16). Despite her compliance with the representative's suggested payment plan,

1

Plaintiff's loan remained in default, and Plaintiff began receiving letters from Defendant advising him of his defaulted loan and account balance. (Am. Compl. ¶¶ 17-18).

As a result, Plaintiff filed suit against Defendant claiming, *inter alia*,[1] that Defendant violated Section 1692e(8) of the Fair Debt Collection Practices Act ("FDCPA")—and committed defamation, invasion of privacy, and intentional/negligent infliction of emotional distress—when, "*on information*, [it] reported false . . . information about" him—"namely, that he defaulted on a federal loan"—"to third parties . . . ."[2] (Am. Compl. ¶¶ 14-16, 46 (emphasis added)). Plaintiff further alleged that his mother was one of the third parties to whom Defendant divulged false information. (Am. Compl. ¶¶ 15-16). Among others, Plaintiff listed punitive damages and injunctive relief as remedies. (Am. Compl. ¶¶ A, C, D).

Shortly thereafter, Defendant moved for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Def.'s Mot. Partial J. Pleadings, DN 47). Essentially, Defendant argues that the Court should dismiss Plaintiff's Section 1692e(8) claim, along with his defamation, invasion of privacy, and intentional/negligent infliction of emotional distress claims, because he failed to adequately support those claims with factual allegations. (Def.'s Mot. Partial J. Pleadings 4-13). In addition, Defendant claims that the Court should not permit Plaintiff to pursue punitive damages or injunctive relief because he failed to allege facts sufficient to entitle him to those remedies. (Def.'s Mot. Partial J. Pleadings 13-16).

In response to Defendant's motion, Plaintiff acknowledges that he did not plead an adequate factual basis to support his claims for intentional/negligent infliction of emotional

---

[1] Plaintiff also alleged that Defendant violated 15 U.S.C. § 1692e(2), (10), and (16), as well as 15 U.S.C. §§ 1692g(a), 1692g(b), 1692f(1), and 1692ka(2)(A). (Am. Compl. ¶¶ 29-35). The propriety of these claims is not at issue.
[2] In the portion of the Amended Complaint in which Plaintiff outlines his defamation claim, he clarifies that Defendant published a false statement when it reported that Plaintiff "defaulted on a federal student loan" to third parties. (Am. Compl. ¶ 46).

2

distress, defamation, or injunctive relief; thus, he "agree[d] to dismiss" those claims. (Pl.'s Mem. Opp'n Def.'s Mot. Partial J. Pleadings 1, DN 48 [hereinafter Pl.'s Mem.]). Plaintiff contests Defendant's other arguments, however, asserting that his allegation that Defendant falsely told his mother that he owed a debt states a claim under Section 1692e(8), a claim for invasion of privacy, and a basis for obtaining punitive damages. (Pl.'s Mem. 2-4).

Defendant then submitted a reply to Plaintiff's response in which it largely reiterated the arguments raised in its initial motion. (Def.'s Reply Supp. Mot. Partial J. Pleadings 1-6, DN 50). Thus, the parties have fully briefed the pending motion, which is now ripe for adjudication.

## II.     JURISDICTION

This action arises under the laws of the United States, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## III.    STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." The Court "review[s] Rule 12(c) motions under the same standard as Rule 12(b)(6) motions." *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 840 (N.D. Ohio 2009) (citation omitted). Accordingly, to survive a Rule 12(c) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks and citation omitted). When assessing a claim's plausibility, the Court must assume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party, but need not assume the truth of legal conclusions. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). Accordingly, a claim is plausible when the

3

complaint "contain[s] direct or inferential allegations respecting all" of the claim's elements; on the other hand, a claim is implausible when the complaint simply recites the claim's elements or when the only factual allegations supporting it are asserted "upon information and belief." *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

## IV.    DISCUSSION

As noted, Defendant moves for judgment on the pleadings as to Plaintiff's Section 1692e(8) claim, as well as his claims for defamation, intentional/negligent infliction of emotional distress, invasion of privacy, punitive damages, and injunctive relief. (Def.'s Mot. Partial J. Pleadings 4-17). Because Plaintiff "agree[d] to dismiss" his defamation, intentional/negligent infliction of emotional distress, and injunctive relief claims in his responsive memorandum, however, the Court will dismiss those claims without "discussion of the substantive merits of [Defendant's] arguments for dismissal . . . ." (Pl.'s Mem. 1); *see Walter v. Wells Fargo Bank, NA*, No. 2:11-CV-912, 2012 WL 641949, at *3 (S.D. Ohio Feb. 28, 2012) (citation omitted) (dismissing claim when the plaintiff agreed to dismiss it and noting that courts need not address the defendant's arguments in favor of dismissal of a claim under such circumstances). Thus, the Court need only assess the propriety of Plaintiff's Section 1692e(8), invasion of privacy, and punitive damages claims. (Def.'s Mot. Partial J. Pleadings 4-17).

### A.    Section 1692e(8) Claim

Plaintiff has failed to plausibly allege that Defendant violated Section 1692e(8). To state a plausible claim under that statute, the plaintiff must (at a minimum) present facts demonstrating that the defendant communicated information that it either knew or should have

known was false to a third party.[3] *See* 15 U.S.C. § 1692e(8). Construing the Amended Complaint liberally, however, Plaintiff has only alleged that Defendant reported false information regarding his loan to his mother,[4] not that Defendant *knew* or *should have known* that the information false. (Am. Compl. ¶¶ 10-35). Thus, the Amended Complaint does not contain factual "allegations respecting all the material elements" of a Section 1692e(8) claim, and, as such, that claim must be dismissed. *See Commercial Money Ctr., Inc.*, 508 F.3d at 336; *Mitchell v. Allied Tube & Conduit Corp.*, No. 2:08-CV-0456, 2009 WL 414277, at *4 (S.D. Ohio Feb. 17, 2009) (dismissing claim because the plaintiff failed to support an element of the claim).

B. **Invasion of Privacy**

Similarly, Plaintiff's invasion of privacy claim is implausible. Kentucky recognizes four types of invasion of privacy claims. *McCall v. Courier-Journal & Louisville Times Co.*, 623 S.W.2d 882, 887 (Ky. 1981). The theory applicable in this matter is called intrusion upon

---

[3] In full, Section 1692e(8) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . [T]he following conduct is a violation of this section: . . .
>> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

[4] Two points about the Court's construction of this allegation are in order. First, Plaintiff *actually* alleges that Defendant violated Section 1693e(8) when it provided *him* with false information regarding his debt. (Am. Compl. ¶ 29). Given that claims made under Section 1693e(8) relate to a debt collector's communications with *third parties*, however, the Court will assume that—consistent with Paragraphs 14, 15, and 16 of the Amended Complaint—Plaintiff meant to allege that Defendant violated that provision when it communicated false information about his debt to others. (Am. Compl. ¶¶ 14-16). Second, Plaintiff alleged that Defendant divulged false information about his debt to third parties "on information," and also affirmatively alleged that Defendant provided his mother with false information regarding his debt. (Am. Compl. ¶¶ 14-16). Seeing as allegations made "on information" are insufficient to survive a motion to dismiss, the Court will treat the claim as challenging Defendant's communications with his mother. *See 16630 Southfield*, 727 F.3d at 506.

seclusion. (Am. Compl. ¶¶ 42-45). To state a claim for intrusion upon seclusion, a claimant must plead facts demonstrating that the defendant: (1) intentionally intruded (2) "into a matter the plaintiff has a right to keep private, (3) which is highly offensive to a reasonable person." *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 822 (W.D. Ky. 2003) (citations omitted). Plaintiff, however, has merely alleged that Defendant "unreasonably intruded upon the privacy and seclusion of Plaintiff." (Am. Compl. ¶¶ 42-43). In other words, Plaintiff has failed to submit factual allegations supporting his claim; rather, he merely recited the elements of his claim. Thus, the Court will dismiss Plaintiff's invasion of privacy claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that a "formulaic recitation of the elements of a cause of action" is insufficient to withstand a motion to dismiss).

C. **Punitive Damages**

Finally, Plaintiff may not pursue punitive damages. Kentucky law holds that a plaintiff may not obtain punitive damages unless "there is evidence that the defendant acted with oppression, fraud, [or] malice," and Plaintiff has not submitted any facts suggesting that Defendant acted as such.[5] *See Thomas v. Greenview Hosp., Inc.*, 127 S.W.3d 663, 673 (Ky. 2004), *overruled on other grounds by Lanham v. Com.*, 171 S.W.3d 14 (Ky. 2005).

Therefore, Defendant is entitled to judgment on the pleadings with respect to Plaintiff's Section 1692e(8), defamation, intentional/negligent infliction of emotional distress, invasion of privacy, injunctive relief, and punitive damages claims. As such, these claims are dismissed.

---

[5] In addition, the Court notes that Plaintiff is not entitled to punitive damages because each of his common-law tort claims—i.e., the claims for which he seeks punitive damages—have been dismissed. (*See* Am. Compl. ¶¶ 41, 45, 49).

6

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Partial Judgment on the Pleadings (DN 47) is **GRANTED.** Plaintiff's claims under 15 U.S.C. §§ 1692g(a), 1692g(b), 1692f(1), and 1692ka(2)(A), as well as his claim under 15 U.S.C. § 1692e(2), (10), and (16), remain.

**Greg N. Stivers, Judge**
**United States District Court**

January 22, 2018

cc:     counsel of record